IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERTO BARRIO,**<br><br>Petitioner,<br><br>v.<br><br>**PAUL COPENHAVER, Warden,**<br><br>Respondent. | Case No. 1:14-cv-01386 MJS (HC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**(Doc. 1)** |

Petitioner is a federal prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Both parties have consented to Magistrate Judge jurisdiction. (ECF Nos. 4, 6.)

Petitioner filed the instant habeas petition in this Court on September 5, 2014. He is currently incarcerated at United States Prison Atwater. Petitioner arose from his October 23, 2000 conviction in the Western District of Oklahoma. Petitioner and his wife were "charged with conspiring from 1996 to 2000 with each other, with their two co-defendants, and with 11 other persons who were identified by name, to possess with an intent to distribute in excess of 5 kilograms of cocaine powder, in excess of 50 grams of cocaine base (crack), and in excess of 100 grams of phencyclidine (PCP), in violation of 21 U.S.C. § 841(a)(1). In Counts 3, 6, 7 and 9 Roberto Barrio was charged with causing

1

interstate travel in aid of an unlawful activity in violation of 18 U.S.C. § 1952(a)(3). In Counts 8, 10 and 13 Roberto Barrio was charged with using a telephone to facilitate cocaine distribution in violation of 21 U.S.C. § 843(b)." United States v. Barrio, 41 Fed. Appx. 169, 171 (10th Cir. 2002). A jury found Petitioner guilty of all but count 13 and Petitioner was sentenced to "a mandatory sentence of life imprisonment on Count 1, 60 months imprisonment on each of Counts 3, 6, 7 and 9, and 48 months on each of Counts 8 and 10. Id. All of the sentences imposed were to run concurrently. Id. Presently, Petitioner argues that he is entitled to relief with regard to Counts 1, 3, 6, 7 and 9 in light of the recent Supreme Court decision in Rosemond v. United States, 134 S. Ct. 1240 (2014). (See generally Pet.)

## I.      SCREENING THE PETITION

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, or palpably

incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

## II.    JURISDICTION

A federal prisoner who wishes to challenge the validity or constitutionality of his conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. Id. at 1163. A prisoner may not collaterally attack a federal conviction or sentence by way of a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); Tripati, 843 F.2d at 1162.

In contrast, a federal prisoner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. Hernandez, 204 F.3d at 865. Here, Petitioner is challenging the validity and constitutionality of his conviction. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 and not a habeas petition pursuant to § 2241.

The Ninth Circuit has recognized a narrow exception allowing a federal prisoner authorized to seek relief under § 2255 to seek relief under § 2241 if the remedy by motion under § 2255 is "inadequate or ineffective to test the validity of his detention." Alaimalo v. United States, 636 F.3d 1092, 1096 (9th Cir. 2011), citing Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). "This is called the 'savings clause' or 'escape hatch' of § 2255." Id. Furthermore, § 2255 petitions are rarely found to be inadequate or ineffective. Aronson v. May, 85 S.Ct. 3, 5 (1964) (a court's denial of a prior § 2255

1 motion is insufficient to render § 2255 inadequate.); Tripati, 843 F.2d at 1162-63 (9th Cir. 1988) (a petitioner's fears of bias or unequal treatment do not render a § 2255 petition inadequate). The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner fails to meet either of these requirements. In this case, Petitioner is challenging the validity and constitutionality of his federal sentence imposed by a federal court, rather than an error in the administration of his sentence. Therefore, the appropriate procedure would be to file a motion pursuant to § 2255 in the sentencing court, not a habeas petition pursuant to § 2241 in this Court.

Petitioner did not lack an unobstructed opportunity to present his claims in his § 2255 motion. Here, Petitioner sought and was denied direct review of his federal petition. On March 28, 2002, the Tenth Circuit Court of Appeals denied his direct appeal. United States v. Barrio, 41 Fed. Appx. 169. Afterwards, Petitioner failed to file a motion pursuant to § 2255 within the year limitation period.

While Petitioner's § 2255 motions may be procedurally barred as successive and untimely, such an obstacle is not sufficient to show that he lacked an unobstructed opportunity to present his claims. Ivy v. Pontesso, 328 F.3d 1057, 1060 (9th Cir. 2003).

The Ninth Circuit has also "held that a § 2241 petition is available under the 'escape hatch' of § 2255 when a petitioner (1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim. Stephens v. Herrera, 464 F.3d 895, 898 (9th Cir. 2006).

Petitioner seeks review of his conviction and sentence under § 2241, arguing that Rosemond v. United States, 134 S. Ct. 1240 (2014) altered the standard of knowledge for defendants convicted of aiding and abetting the possession or use of a weapon

1  during the commission certain federal offenses, and that he would not have been
2  convicted of several counts if the new standard had applied. (Pet. at 14.) Accordingly,
3  Petitioner believes his sentence is unlawfully long. Because Petitioner is challenging the
4  validity of his conviction and not the manner in which his sentence is being administered,
5  § 2255's exclusive remedy rule bars the present petition unless the savings clause
6  applies.

7  The Court turns to whether the Petitioner has had "any opportunity" to seek relief
8  from the sentencing court on the claim presented here. See Abdullah, 392 F.3d at 959. If
9  so, then he cannot show that § 2255 is either inadequate or ineffective. In his direct
10 appeal, Petitioner could have challenged whether Petitioner had the requite advance
11 knowledge" required under Rosemond of the crimes in question, but he did not.

12 Petitioner appears to argue that Rosemond affords him an argument previously
13 unavailable, rendering his § 2255 remedy "inadequate or ineffective." It is true that any
14 motion under § 2255 would be considered untimely and only allowed if a later
15 commencement date occurred under 28 U.S.C. §§ 2254(f)(h). However, the expiration of
16 the one-year limitations period for § 2255 motions under 28 U.S.C. § 2255(f) does not
17 render § 2255 inadequate or ineffective for two reasons. First, it is merely a procedural
18 barrier, which is not sufficient to trigger the savings clause. See Abdullah, 392 F.3d at
19 959. Second, if Rosemond does, as Petitioner argues, create a new right that is
20 retroactively applicable to cases on collateral review, the one-year limitations period
21 would re-commence on March 5, 2014, the date Rosemond was decided. See 28 U.S.C.
22 § 2255(f)(3). Therefore, if Rosemond in fact created a new and retroactive right, he can
23 still seek to raise this claim in the district of conviction. For these reasons, Petitioner
24 cannot show that the § 2255 remedy is inadequate or ineffective in order to invoke the
25 savings clause in this case.

26 Although Rosemond was decided on March 5, 2014, no court has yet found
27 Rosemond retroactively applicable to cases on collateral review. See, e.g., Whitted v.
28 Coakley, 2014 U.S. Dist. LEXIS 156697 (N.D. Ohio Nov. 5, 2014); Taniguchi v. Butler,

No. 14-CV-120, 2014 U.S. Dist. LEXIS 144154, 2014 WL 5063748 *5 (E.D.Ky. October 8, 2014); Rodriguez-Pena v. Werlich, No. 14-cv-994, 2014 U.S. Dist. LEXIS 121483, 2014 WL 4273631, *2 (D.La. Aug. 29, 2014) (relief not available in § 2241 under savings clause of § 2255(e) because Rosemond not made retroactively applicable by Supreme Court); Gentile v. Fox, 2014 U.S. Dist. LEXIS 109989, 2014 WL 3896065, *8 (C.D.Cal. July 11, 2014) (Rosemond concerned instructional error, not actual innocence, and does not make rule concerning aiding and abetting under § 924(c) retroactive on collateral review).

Even if Rosemond applies retroactively, there is no miscarriage of justice here. First, as already noted, if Rosemond applies retroactively, then Petitioner still has an opportunity to raise his claim with the sentencing court in a § 2255 motion. If Rosemond does not apply retroactively, then Petitioner fails to meet the second condition for applying the § 2255 savings clause because his claims are not proper claims of "actual innocence." In the Ninth Circuit, a claim of actual innocence for purposes of the Section 2255 savings clause is tested by the standard articulated by the United States Supreme Court in Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). In Bousley, the Supreme Court explained that, "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley, 523 U.S. at 623. Petitioner bears the burden of proof on this issue by a preponderance of the evidence, and he must show not just that the evidence against him was weak, but that it was so weak that "no reasonable juror" would have convicted him. Lorentsen, 223 F.3d at 954. "[S]uch a claim requires petitioner to support his allegations of constitutional error with new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." Schlup v. Delo, 513 U.S. 298, 324, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995).

In this case, Petitioner has not presented a strong case of factual innocence. Instead, Petitioner argues under Rosemond he should not have been found guilty of

6

several of the offenses because he lacked advance knowledge of certain elements of the crimes. (See Pet. at 13-14.) Petitioner's argument only addresses technical legal elements of the crime. Petitioner does not refute that he possessed and sold drugs. He only challenges whether he had advance knowledge to enter into a conspiracy to possess with intent to distribute drugs.  Petitioner has not presented sufficient factual support to establish a cognizable claim of 'actual innocence' for the purposes of qualifying to bring a § 2241 petition under the escape hatch.

Accordingly, Petitioner has not met either prong of the savings clause, and the Court recommends that the petition be dismissed.

### III.    **CERTIFICATE OF APPEALABILITY**

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>>
>> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, reasonable jurists would not find to be debatable or wrong the Court's determination that Petitioner is not entitled to federal habeas corpus relief nor would they find petitioner deserving of encouragement to proceed further. Petitioner has not made the required substantial showing of the denial of a constitutional right. Accordingly, the Court hereby declines to issue a certificate of appealability.

IV. **ORDER**

Accordingly, IT IS HEREBY ORDERED:

1) The petition for writ of habeas corpus be DISMISSED;

2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

3) The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: December 1, 2014         /s/ *Michael J. Seng*
                                UNITED STATES MAGISTRATE JUDGE